UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAW'S SUPERMARKETS, INC.,

    Plaintiff,

v.    Civil Action No. 09-11291-JLT

HOME DEPOT USA, INC.,

    Defendant.

ORDER

May 10, 2011

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that:

1. This court's March 21, 2011 Order (finding Defendant's Motion for Leave to File an Amended Answer and Add Counterclaim [#26] as moot) is VACATED. Defendant's Motion [#26] is DENIED. First, the Motion was filed more than half a year after the Parties' agreed-to deadline for amending their pleadings.[1] Such a late pleading is subject to the demanding "'good cause' standard of Fed. R. Civ. P. 16(b).'"[2] Defendant provides no good cause for its lack of diligence. The counterclaims were discovered in an underlying litigation, which was a matter of

---

[1] Joint Statement Pursuant Fed. R. Civ. P. 26(f) & Local Rule 16.1, 2 [#11]; see Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (citation omitted) ("Regardless of the context . . . protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." (citation omitted)).

[2] Steir, 383 F.3d at 12 ("This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.").

public record.[3]  Second, allowing Defendant to file its counterclaim would prejudice Plaintiff by "requiring a re-opening of discovery with additional costs [and] a significant postponement of the trial."[4]

2. Defendant's <u>Motion for Leave to File a Reply to Plaintiff's Opposition to Defendant's Motion to Amend Answer and Counterclaim</u> [#30] is ALLOWED AS MOOT.

3. A Final Pre-Trial Conference will be held on June 15, 2011 at 12:00 p.m.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[3] Defendant even inspected these records in February 2010. Pl.'s Opp'n Def.'s Mot. Leave Amend Answer & Add Countercl., 5 [#29]. Moreover, Defendant's argument that it could not discover its counterclaim because of fraud fails. Defendant had the opportunity to examine the details of the work and the reimbursement requests to determine whether the work for which it was being asked to pay was actually performed. Pl.'s Opp'n Def.'s Mot. Leave File Reply, 2 [#31].

[4] <u>Steir</u>, 383 F.3d at 12 (citing <u>Acosta-Mestre v. Hilton Int'l</u>, 156 F.3d 49, 52 (1st Cir. 1998)); <u>see</u> Pl.'s Opp'n Def.'s Mot. Leave Amend Answer & Add Countercl., 5 [#29] (explaining the depositions that Plaintiff would need to take or re-take); Joint Mot. Continue Pretrial Conference, 1 [#27]. Additionally, allowing Defendant's <u>Motion</u> would likely be an exercise in futility, <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 59 (1st Cir. 1990), because Defendant's counterclaim is based on Plaintiff's initial negotiating position in the settlement of another lawsuit. <u>Cf.</u> <u>Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.)</u>, 375 F.3d 51, 61 (1st Cir. 2004) (mentioning that settlement does not imply judicial endorsement of a party's claims or provide the success necessary for judicial estoppel (citations omitted)).